```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X          C/M
CLAUDE MALLOY, SR.,                                               :
                                                                  :
                        Plaintiff,                                :
                                                                  :    MEMORANDUM DECISION
            - against -                                           :    AND ORDER
                                                                  :
TAYLOR TADMOR,                                                    :    19-cv-6010 (BMC) (ST)
                                                                  :
                        Defendant.                                :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

This patent infringement action arises under 35 U.S.C. § 271(a). Plaintiff *pro se* is the owner of a patent and alleges that defendant manufactures and imports products that infringe upon his patent. Before me is defendant's unopposed motion for summary judgment. Because plaintiff has failed to adduce any admissible evidence as to whether defendant has even committed an infringing act, defendant's motion is granted.

## BACKGROUND

The facts are taken from defendant's Local Rule 56.1 statement and are uncontested.[1]

Plaintiff is the inventor and owner of the U.S. Patent No. 8,484,807 (the "807 patent"). His creation is a plastic hand-shaped bottle meant for storing liquid-gel hand sanitizer and has a long nylon lanyard made to go around the user's neck. Defendant is the Chief Executive Officer of Tekweld, an online retailer of customized corporate products and gifts. Tekweld sells

---

[1] The court may treat plaintiff's failure to respond to defendant's 56.1 statement as an admission. See Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000). There is no dispute that plaintiff received notice of defendant's instant motion. Not only did defendant certify compliance with Local Civil Rule 56.2, but plaintiff sought and was granted an extension of time to file his opposition by May 29, 2020.

thousands of products online, including items such as lip balm, key chains, dental floss dispensers, and, most relevant to this case, bottles of hand sanitizers.

In the complaint, plaintiff alleges that "Item No. SM-1535" infringes upon his '807 patent and that defendant manufactures, imports, and sells this "infringing" product. However, the actual producer of this product is Polyconcept North American Inc., a non-party in this action. Its product, "The Helping Hand Sanitizer," identifiable by its product number, No. SM-1535, has been the subject of a prior action between Polyconcept and plaintiff in the Northern District of Illinois.[2] The Helping Hand Sanitizer, like the '807 patent, also comes in a compartment in the shape of a hand and is filled with hand sanitizer. But it does not come with a necklace and it is not designed to be used with a lanyard.

Defendant and Tekweld have no past or present business relationship with Polyconcept whatsoever. Accordingly, they have never made, used, offered for sale, or imported into the United States a Polyconcept product with an item number of "SM-1535." In fact, although they sell hand sanitizer products, they have never manufactured, imported, offered for sale, or ever sold hand sanitizer that comes in a hand-shaped bottle.

## DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material when it might affect the outcome of the suit under governing law." Tracy v. Freshwater, 623 F.3d 90, 95 (2d Cir. 2010) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007)). "[W]hen a motion for summary judgment

---

[2] The court there entered a default judgment against plaintiff for his failure to participate in the preparation of a Joint Status Report and to appear for a status hearing. See Polyconcept North America Inc. v. Malloy, No. 16-cv-5476 (N.D. Ill. Sept. 14, 2016).

is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). Patent infringement occurs when an individual "without authority makes, uses, offers to sell, or sells any patented invention … during the term of the patent[.]" 35 U.S.C. § 271(a).

There is no evidence of patent infringement in this case. In his motion, defendant submitted a signed affidavit, sworn under the penalty of perjury, stating that neither he nor his company has ever manufactured or imported item number "SM-1535." Nor have they ever offered for sale or sold hand sanitizers that even remotely resemble either plaintiff's invention or Polyconcept's Helping Hand product. In other words, defendant denies ever selling hand-shaped bottles filled with hand sanitizer.

Plaintiff has offered no admissible evidence to rebut defendant's categorical denial. Not only did he fail to submit a Local Rule 56.1 Counterstatement or a sworn statement in opposition, he did not even bother submitting a memorandum opposing the instant motion, despite seeking and receiving an extension to file it. It is thus obvious that defendant is entitled to summary judgment as a matter of law, as plaintiff has failed to raise a genuine issue of material fact as to any act of patent infringement by defendant. See United States v. All Right, Title & Interest in Real Prop. & Appurtenances, 77 F.3d 648, 657–58 (2d Cir. 1996).

**CONCLUSION**

Defendant's [14] motion for summary judgment is granted. The Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

                                                                          _____
                                                                                              U.S.D.J.

Dated:  Brooklyn, New York
            September 27, 2020

4